

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6806 | **DATE** | 1/25/2002 |
| **CASE TITLE** | Evelyn Boyd vs. John E. Potter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendant's motion for summary judgment is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 28 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 JAN 25 PM 3:43 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EVELYN BOYD,

    Plaintiff,

-vs.-

JOHN E. POTTER,
Postmaster General, United
States Postal Service,

    Defendant.

No. 00 C 6806

Senior Judge George W. Lindberg

**DOCKETED**

JAN 2 8 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Evelyn Boyd ("Boyd") has filed an age and handicap discrimination complaint against the defendant, the Postal Service. Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Boyd fails to state a claim under the Rehabilitation Act or the Americans with Disabilities Act and Rehabilitation Act ("ADEA"), defendant's motion is granted in its entirety.

**Background**

The moving party must file a Rule 56.1 statement of material facts, including within each short numbered paragraph specific references to the affidavits, parts of the record or other supporting materials. Local Rule 56.1(a). After the moving party has filed its Rule 56.1 statement of material facts, the nonmoving party must file a response to each numbered paragraph in the Rule 56.1 statement. In cases of disagreement, the nonmoving party must refer to specific evidence in the record supporting that disagreement. Local Rule 56.1(b). All material facts set forth in the statement required of the moving party will be deemed to be

admitted unless controverted by the statement of the opposing party. Local Rule 56.1(b). In the case at hand, the plaintiff has not submitted any response to the Rule 56.1 statement. Therefore all material facts set forth in the statement of the moving party are deemed to be admitted if they comply with the requirements of Rule 56.1.

**The Facts**

In 1993, Boyd, a postal clerk at the Main facility in Chicago since 1966, applied for a clerk position at the Irving Park facility. Sometime between 1993 and 1995 Boyd received the winning bid for the Irving Park postal clerk position. In February or April of 1995, Boyd asked for and permission was granted to extend her stay at the Main facility. Postal officials allowed Boyd to continue working at the Chicago Main postal facility from 1995 through May 1997. In May 1997, Boyd stopped coming to work.

One June 28, 1997, the Postal Service issued Boyd a notice of removal for being absent without leave or AWOL. Boyd grieved her removal notice to the union and filed an administrative complaint of discrimination with the Postal Service. In November 1998, Boyd's grievance was settled; Boyd agreed to report for work at the Irving Park postal station, and the Postal Service agreed to cancel the notice of removal and pay her six months back pay and accumulated sick leave.

On May 11, 1999, the Equal Employment Opportunity Commission ("EEOC") found Boyd had not been discriminated against based on age or disability. The EEOC judge found that Boyd had failed to show a *prima facie* case that she was terminated in violation of the

Rehabilitation Act, since she failed to present any evidence that she was a handicapped or disabled individual within the meaning of that statute.

In December 1998, Boyd reported to work at the Irving Park postal station. Since returning to work, Boyd has received all the relief promised to her by the Postal Service in the settlement of her grievance, including at least $20,000 representing six months back pay and accumulated sick leave.

**The Analysis**

Summary judgment is appropriate if the pleadings and supporting documents, when construed in a light most favorable to the non-moving party, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173 (7th Cir. 1996). If no reasonable jury could return a verdict for the non-moving party, summary judgment should be granted. Id. Where the party opposing a motion for summary judgment bears the burden of proof on an issue at trial, she must go beyond the pleadings and affirmatively establish a genuine issue of material fact. Id. The non-movant party may not rely upon mere allegations, but must present specific facts to show that a genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-3, 91 L.Ed.2d 265 (1986).

**A. Discrimination under the ADEA**

Boyd alleges that she was issued the notice of removal by the Postal Service as the result of illegal age-based discrimination. In order to establish a *prima facie* case of disparate treatment under the ADEA, Boyd may either present direct evidence of discrimination or she may present

3

00 C 6806

facts which, if unexplained, would reasonably give rise to an inference of discrimination. McDonnell Douglas Corporation v. Green, 411 U.S. 792, 802 (1973). Boyd has not presented direct evidence of discrimination. Consequently, Boyd must rely on the burden-shifting method of proof. Under the burden-shifting McDonnell Douglas framework, the plaintiff must first introduce sufficient evidence that would support a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824. To build a successful *prima facie* case of discrimination under the ADEA, Boyd must show that: (1) she falls within the protected age group–that she is at least 40 years old; (2) she performed her job satisfactorily; (3) despite her satisfactory performance, she suffered a materially adverse employment action; and (4) younger employees situated similarly to the plaintiff were treated more favorably. Fischer v. Wayne Dalton Corp., 139 F. 3d 1137, 1141 (7th Cir. 1998).

Boyd fails to build a *prima facie* case under the ADEA because the facts fail to show that she performed her job satisfactorily. Boyd failed to show up for work for at least two months. Clearly, this does not meet the normal requirements for her position as a full-time employee of the Postal Service. Moreover, under the McDonnell Douglas test, a *prima facie* case of illegal employment discrimination may be rebutted on summary judgment by the employer articulating a legitimate, non-discriminatory reason for the challenged employment action, which in this case, is termination. The Postal Service has articulated a legitimate, non-discriminatory reason for discharging Boyd–her unexplained absence from work without leave. Boyd does not show that this proffered reason for the issuance of the notice of removal was pretextual. Defendant is therefore entitled to summary judgment on Boyd's discriminatory discharge claims.

4

00 C 6806

## B. Illegal Handicap Discrimination Under the Rehabilitation Act

Boyd also complains that the issuance of the notice of removal was illegal handicap demonstration under the Rehabilitation Act, 29 U.S.C. §§ 701-797(b). To establish a *prima facie* case of discrimination under the Rehabilitation Act, Boyd must demonstrate that (1) she is handicapped within the meaning of the Act; (2) she was otherwise qualified for the position at issue; and (3) she was discharged from the position solely because of her handicap. Randle v. Bentsen, 19 F. 3d 371, 374 (7th Cir. 1994). Boyd fails to establish a *prima facie* of discrimination under the Rehabilitation Act because she fails to demonstrate that she is handicapped within the meaning of the Act. In order to qualify for protection under the Rehabilitation Act, Boyd must show that (i) she has a physical impairment which substantially limits one or more of her major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment. 29 U.S.C. § 706(8)(B); Knapp v. Northwestern University, 101 F. 3d. 473, 479 (7th Cir. 1996). There is no evidence that Boyd has a physical impairment which substantially limits one or more of her major life activities, has a record of such an impairment, or is regarded as having such an impairment. Accordingly, the Court enters summary judgment against Boyd's Rehabilitation Act claims.

ORDERED: Defendant's motion for summary judgment is granted with prejudice.

ENTER:

*George W. Lindberg*
GEORGE W. LINDBERG
Senior U.S. District Judge

JAN 2 5 2002

DATED:

5